UNITED STATES, EX REL. JOHN M. HENDERSON, Trustee,

*vs.*

JAMES B. EDMUNDS ET AL., Commissioners of the District of Columbia.

LAW. No. 24,988.

{ Decided March 3, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

1.  On a petition for mandamus against the Commissioners of the District, this court can only direct the Commissioners to go on and execute their office, when it appears on the petition that they have refused to do so. But where it becomes their duty to examine alleged errors in an assessment it is immaterial whether in that examination they decide well or ill, if it appears that they have examined and determined; the writ of mandamus cannot do the work of a writ of error.

2.  Though the court might decline to interfere by mandamus, it may, nevertheless, with a clear opinion on the subject, inform the Commissioners of their duty in the premises.

3.  The words in the act of Congress of February 21, 1871, which imposed upon the Board of Public Works the duty of assessing a proportion of the cost of street improvements "upon the property adjoining and to be specially benefited by the improvement," were used merely as a *designation of the property,* and not as a condition on which a charge was to be made upon it. To hold these words to mean that an assessment could only be made upon the property adjoining, *provided* it be benefitted by the improvement, would be equivalent to inserting in the statute a limitation which would have been distinctly stated if intended.

4.  Hence, the Board of Public Works, in making an assessment upon adjoining property under the act of February 21, 1871, was not charged with the duty of inquiring whether the property was benefited, but only to determine the cost of the improvement, and to distribute this cost between the owners of the adjoining property and the District, to do which it had only to ascertain the frontage by measurement and whether the property was specially exempted from assessments. There was no provision that the board was to act as a jury to determine whether the property was benefited; the assessment did not depend upon that condition.

5.  It follows, therefore, that it is not in the power of the Commissioners, when they come to act under the statutes (Acts of Congress of June 19, 1878, and June 27, 1879,) authorizing them to correct erroneous or excessive assessments, to consider anything but the elements that go to make up the charge. They cannot consider or attempt to adjudicate whether the property was benefited.

### STATEMENT OF THE CASE.

This was a petition for the writ of mandamus against the

Commissioners of the District of Columbia, based upon the following facts:

Lot R, square 25, fronting 231 feet on M street, N. W., between 24th and 25th streets, in the city of Washington, the property of Mrs. Mary C. Henderson, was assessed according to frontage for special improvements made on M street in the year 1872, $1,452.92; and the same lot for special improvements made on 24th street in 1876, was assessed in like manner, $1,085.90. These assessments, with accrued interest, amounting in all to $2,631.85, were paid respectively January 22, 1874, and February 24, 1877. Afterwards, in compliance with the act of June 27, 1879, there was duly filed with the Commissioners of the District, and within sixty days after the passage of the act, a written complaint alleging error in the said assessments and praying a revision of the same, on the ground that no special benefit had accrued to the said lot by reason of said improvements.

The relator alleged that the Commissioners refused to make this revision, and a mandamus was prayed accordingly.

A demurrer was filed to the petition upon the following grounds:

1. That the construction of the 37th section of the act of February 21, 1871, and the 1st section of act the of August 10, 1871, contended for by the relator, is entirely erroneous.

2. By presumption of law, property adjoining on a street specially improved is thereby benefited, the statute referred to left it to the judgment and discretion of the Board of Public Works to appraise the amount of the benefit; which said board having done, its judgment is conclusive in the premises.

3. Congress, by its act of June 19, 1878, affirmed the validity of the assessments complained of; which said act in its full legal effect was recognized and affirmed by the Supreme Court of the United States in the case of Mattingly and others against the District of Columbia.

The relator joined issue upon the demurrer, thereby dissenting from the propositions of laws above formulated.

The statutes relating to the questions raised are as follows:

*An act to provide a Government for the District of ·Columbia,*
*approved February 21, 1871.*

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"SEC. 37. There shall be in the District of Columbia a
Board of Public Works. * * * The Board of Public
Works shall have entire control of and make all regulations
which they shall deem necessary for keeping in repair the
streets, avenues, alleys and sewers of the city, and all other
works which may be intrusted to their charge by the legis-
lative assembly or Congress. They shall disburse upon
their warrant all moneys appropriated by the United States,
or the District of Columbia, or collected of property holders
in pursuance of law, for the improvement of streets, avenues,
alleys, sewers, roads and bridges, and shall assess in such
manner as shall be prescribed by law, *upon the property
adjoining and to be specially benefited by the improvement,*
authorized by law and made by them, a reasonable propor-
tion of the cost of the improvement, not exceeding one-third
of such cost, which sum shall be collected as all other taxes
are collected."

*An Act to provide for the revision and correction of assessments
for special improvements in the District of Columbia, and
for other purposes, approved June 19, 1878.*

*Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled,* That the
Commissioners of the District of Columbia be, and they are
hereby directed to enforce the collection, according to exist-
ing laws, of all assessments for special improvements pre-
pared under an act of the legislative assembly of August
tenth, eighteen hundred and seventy-one, as charges upon
the property benefited by the improvements in respect to
which said assessments were made: *Provided,* That upon
complaint being made to the Commissioners, within thirty
days from the passage of this act, of erroneous or excessive
charges in respect to any of said assessments which remain
unpaid, said Commissioners are hereby authorized to revise
such assessments *so complained of,* and to correct the same;

and where certificates of assessment have been issued, they *shall* issue to the *holder* of such certificate a drawback certificate for the *amount* of *such* erroneous or excessive charges, which certificates shall be received at any time in payment of assessments for special improvements, and they shall be redeemed in the *manner* prescribed for the redemption and purchase of certificates, as provided by an act of the legislative assembly of May twenty-ninth, eighteen hundred and seventy-three, entitled, "An act for extending the time of payment of special assessment, and for other purposes," *after* the provisions for the purchase and redemption of *certificates named* in the act shall have been fully carried out.

*An Act fixing the rate of interest upon arrearages of general taxes and assessments for special improvements now due to the District of Columbia, and for a revision of assessments for special improvements, and for other purposes, approved June* 27, 1879.

\*        \*        \*        \*        \*        \*        \*        \*

SEC. 3. That the Commissioners of the District of Columbia are hereby authorized and directed, upon written complaint being made to them within sixty days from the passage of this act, by any person or persons who had, prior to June nineteenth, eighteen hundred and seventy-eight, *paid* their special improvement taxes, prepared under an act of the legislative assembly of said District, of August tenth, eighteen hundred and seventy-one, that their said assessment or assessments were erroneous or excessive, to revise and correct such assessments so complained of; and in case the amount of any such assessment is found to be erroneous or excessive, the commissioners shall issue to the person entitled to the same, a drawback certificate for the amount of such excessive or erroneous charge, which certificate shall be received in payment of all special assessments, and for all general taxes, due before the first day of July, eighteen hundred and seventy-seven: *Provided*, That complaints filed under the act of June nineteenth, eighteen hundred

19

and seventy-eight (paid or unpaid), by a property holder, his agent or attorney, need not be refiled under this act.

The other facts necessary to an understanding of the case appear in the opinion.

CRITTENDEN & MACKEY and WILLIAM BIRNEY for relator.

A. G. RIDDLE and FRANCIS MILLER for respondents.

Mr. Justice JAMES, after stating the case, delivered the opinion of the court.

The case comes up on demurrer to the petition of the relator.

The court can only direct the Commissioners to go on and execute their office, if it appears on the petition that they have refused to do so.

It is shown that improvements were made in constructing M street, between 24th and 25th streets northwest, in this city, bordering on lots described as belonging to Mrs. Henderson; that assessments were made, amounting in the aggregate to $2,631.85, which were paid on the 24th of February, 1877, and that Congress afterwards passed an act authorizing the Commissioners to revise and correct assessments which were erroneous and excessive, and to allow a drawback for the amount of the excess or error; that the petitioner, in pursuance of the requirements of this act, presented a petition for correction of his assessment, alleging that the whole of the assessment was erroneous and excessive, on the ground that no benefit was bestowed on the property by this improvement, but that, on the contrary, the property was seriously injured. They urge that the statute prescribing the manner and defining the cases in which the Board of Public Works was to assess any charge upon property, required that the property should appear to be benefited thereby. The language of that statute is as follows:

" The Board of Public Works shall assess, in such manner as shall be prescribed by law, upon the property adjoining and to be specially benefited by the improvement authorized

by law, and made by them a reasonable proportion of the cost of the improvement, not exceeding one-third of such cost."

This subject was presented to the Commissioners; argument was made to them that no benefit was conferred upon this property; that the law requires that, before any charge could be made upon the property, such benefit should have accrued, and that therefore the whole assessment was erroneous. It appears that those propositions were argued, and that the Commissioners, acting through their secretary, in the usual manner, made the following reply to the petitioner's counsel:

"Office of the Commissioners,

District of Columbia.

Messrs. Crittenden & Mackey and

E. W. Whitaker, <em>Attorneys, &c.</em>

Gentlemen: Referring to the statement submitted by you respecting the assessment of lot R, in square 25, property of Mrs. M. C. Henderson, I am directed to inform you that, after careful consideration of your brief, and of the statements submitted in a hearing before the full board on this date, the Commissioners conclude that the special assessments heretofore levied in this and other like cases on the property adjoining street improvements, are not erroneous, and are not subject to revision, under the acts approved June 19, 1878, and June 27, 1879, in the manner claimed by you.

Very respectfully,

W. Tindall, <em>Secretary.</em>"

It was urged at the argument by the demurrant that the concluding statement in this letter, that the assessments in question were "not subject to revision under the acts approved June 19, 1878, and June 27, 1879, in the manner claimed" by the petitioner, amounted to a refusal of the Commissioners to enter upon an official duty. We think that this is an incorrect interpretation of the answer of the Commissioners, and of their official action. The petitioner

shows that the error in the assessment which was presented to the Commissioners, was alleged to have arisen from the fact that the assessment was made in a case where no benefit was bestowed on the property assessed. The answer of the Commissioners shows that they had examined all the grounds on which error was alleged, and that they had decided that the assessment was not erroneous. If, as was argued by the relator before them, it was their duty to consider whether the absence of benefit rendered the assessment erroneous, they performed that duty, and there is no unperformed duty which this court, can command them to perform. It is immaterial whether they decided well or ill, so long as they performed the duty of examining and determining whether the assessment was erroneous or excessive. The writ of mandamus cannot do the work of a writ of error.

But we are asked by counsel for the District to inform the Commissioners, notwithstanding we might decline to interfere with them by mandamus, what their decision should have been. The Supreme Court of the United States has more than once taken such a course after stating that the case before it was not a proper one for the remedy sought; and as we have a very clear opinion on this subject, we shall act upon that example.

We shall consider, then, the meaning of this statute which enjoined upon the Board of Public Works the duty of assessing a proportion of the cost of the improvement, not exceeding one-third, upon the property adjoining and to be specially benefited. Counsel for the petitioner claim that this "property adjoining and to be specially benefited," meant that the assessment was to be made upon property adjoining, provided it be in fact benefited. The statute says nothing of that kind. It only states that the assessment is to be upon property adjoining and *to be* specially benefited. Afterwards, when Congress validated the proceedings of the Board of Public Works, the validating act used the words "property adjoining *and* specially benefited," but that expression was not intended to affect the construction to be put upon the original act, and we think it is entirely clear,

that the original words, "property to be benefited," were intended merely as a *designation of the property*, and not as a condition on which a charge was to be made on that property. The intention of the legislature, in using the words, "to be benefited," was to give the reason why a part of the burden of a street improvement was assessed upon "the property adjoining"—a mode of expression not uncommon in legislation. To hold that such a provision intended that an assessment should be made upon the property adjoining *provided* it was benefited, would be equivalent to inserting in the statute a limitation which would have been distinctly stated if it was intended. Moreover we must suppose that Congress intended to establish some uniform scheme for assessing the cost of a general system of improvements, and the construction claimed by the relator would destroy all uniformity.

A number of cases were cited on the part of the relator, in which it was held that no assessment could lawfully be made on property which was not benefited in fact; but we observe that in all of these the law expressly limited the assessment to such property as was benefited. Such cases have no bearing upon the construction of a statute which contains no express limitation.

The reasonableness of the construction insisted upon may be tested by its operation. The Board of Public Works was charged, first, with the making of a contract by which the whole cost of a street improvement should be determined; and, second, with the distribution of this cost between the owners of adjoining property and the District. If they were authorized by the statute to assess a part of that cost, not exceeding one-third, upon adjoining property because it was assumed in law that such property was specially benefited, their executive and ministerial powers were equal to the work to be done. They had only to ascertain the frontage by measurement, and whether the property was specially exempted from assessments. But if they were to make an assessment on adjoining property only in case it was benefited, they would have to do a work for which

no means were furnished them.   We find no provision that
they were to act as a jury; no provision whatever that
would meet the necessities of such an inquiry.   The whole sys-
tem of power and method would have to be implied; and that,
too, in the absence of any *express* provision that they were
to determine the fact of benefits at all.   We are of opinion,
then, that the Board of Public Works was not charged with
this inquiry, and that an assessment upon adjoining prop-
erty did not depend upon a condition that such property
should be found to be thereby specially benefited.   It follows
that an assessment would not be shown to be erroneous in
law because resulting damage to the property appeared to
have neutralized the benefit.   In such cases the working of
the general rule would undoubtedly be hard, but that con-
sideration does not affect the validity of the proceedings or
the construction of the statute under which they are
taken.

We should have reached these conclusions if the ques-
question had been one of first impression; but we think that
it has been settled substantially by the Supreme Court of the
United States in the case of Mattingly *vs.* The District, 97
U. S., 67.   In that case the cost of the improvement, in the
construction of the sewer on Seventh street, in front of certain
property, was charged on that property by the frontage.   That
was before the act of Congress validated the proceedings of the
Board of Public Works, in making charges at all.   One of
the points made was, that assessments according to frontage
on the street were unauthorized and illegal, and the court
held that the statute, which rendered valid the assessments,
validated that system.   It is true the question, whether the
particular property was benefited or not, was not raised in
that case, but the court covered this ground when they
held that assessment by frontage was the system which the
later statute validated.

We think, therefore, the question is closed, and that it is
not in the power of the Commissioners, when they come to
act under the statute authorizing them to correct erroneous
or excessive assessments, to consider anything but the ele-

ments that go to make up the charge. It is not in their power to consider or attempt to adjudicate how the property itself was benefited. The demurrer of the respondents, therefore, is sustained.